1

2

3  Troy Y. Nelson, ISB #5851
4  RANDALL | DANSKIN, P.S.
   601 W. Riverside Avenue, Suite 1500
5  Spokane, WA  99201-0653
   Telephone:  (509) 747-2052
6  Facsimile: (509) 624-2528
7  tyn@randalldanskin.com

8  Attorneys for Plaintiffs

9
                     **UNITED STATES DISTRICT COURT**
10                         **DISTRICT OF IDAHO**

11

12 | BETHANY MIKOLAS: and SEAN | |
   | SCOGGIN, husband and wife, | Case No.  17-426 |
13 | | |
   | Plaintiff, | COMPLAINT AND JURY DEMAND |
14 | | |
15 | vs. | |
16 | | |
   | UNIVERSITY OF IDAHO,  a public | |
17 | university, | |
18 | Defendants. | |

19
   TO:        THE CLERK OF THE COURT;
20 AND TO:       DEFENDANT, and its attorneys of record:

21
           FOR CLAIMS AGAINST DEFENDANT, Plaintiffs Bethany Mikolas and Sean
22
23 Scoggin, a married couple, state and allege the following:

24                              **PARTIES**

25
26      1.      <u>Bethany Mikolas</u>:   Plaintiff Bethany Mikolas was, at all times relevant

27 hereto, a female student at the University of Idaho, enrolled in the University of Idaho,

28 School of Law School.

   DEFENDANT SAGLE FIRE DISTRICT'S
   ANSWER TO PLAINTIFF'S COMPLAINT AND
   JURY DEMAND - 1

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.    Sean Scoggin:  Plaintiff Sean Scoggin was, at all times relevant hereto, a resident of Latah County, in Moscow, Idaho.

3.    University of Idaho:  Defendant University of Idaho is an institution of higher education in the State of Idaho and is under the general supervision, government and control of the Idaho State Board of Education, which acts as the board of regents of said College.

4.    University of Idaho:  Defendant University of Idaho is the educational institution located in Latah County, in Moscow, Idaho, heretofore known as University of Idaho pursuant to Idaho Code § 33-2801.

5.    University of Idaho:  Defendant University of Idaho is an institution of higher education and is, therefore, a public corporation that may be sued in its own name pursuant to Idaho Code § 33-3804.

**JURISDICTION AND VENUE**

6.    Title IX:  The University of Idaho receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681 *et seq.* and is otherwise subject to Title IX.

7.    Jurisdiction:  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law including claims made under the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative fact and

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 2

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1  therefore form part of the same case or controversy, under Article III of the U.S.

2  Constitution.

3

4      8.     Venue:  Venue is proper in this Court under 28 U.S.C. § 1391(b) because

5  Defendant University of Idaho is located within the State of Idaho and the events or

6  omissions giving rise to the Plaintiff's claims occurred within the State of Idaho in this

7

8  judicial district.

9      9.     All conditions precedent to the maintenance of this suit and Plaintiffs'

10  claims have occurred, been performed or otherwise waived.

11

12                                **PERTINENT FACTS**

13      10.    Plaintiffs incorporate and re-allege paragraphs 1 through 9 as if fully set

14  forth herein.

15

16                            ***THE SEXUAL ASSAULT***

17      11.    Bethany was a second-year law student enrolled at the University of Idaho,

18  School of Law ("University" or "Defendant").

19

20      12.    On February 11, 2016, Bethany Mikolas ("Bethany") was sexually assaulted

21  by a fellow law student named Paul Alexander ("Paul" or "Perpetrator") off campus.

22

23      13.    On February 12, 2016, Paul texted Bethany several times saying that he was

24  sorry for what he had done and called her.  Bethany did not respond.  Bethany drove to

25  Seattle, Washington that day.

26

27      14.    On February 13, 2016, confrontational text messages were exchanged

28  between Bethany and Paul.  Bethany tells Paul to leave her alone, and Paul responds with

text messages telling Bethany to "go f**k yourself," and "eat s**t and die."

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 3

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***BETHANY TRIES TO AVOID CONTACT WITH PAUL***

15.     Bethany and Paul were both on the Idaho Law Review.  On February 14, 2016, Bethany wrote the Editor in Chief of the Idaho Law Review, and requested a change in editing groups to avoid contact with Paul.  Bethany was granted that request.  The Editor in Chief told Bethany that other people had complained about Paul and asked that she explain what the issue was.  Bethany told her what happened in confidence.  At that time, the Editor in Chief approved the switch and encouraged Bethany to talk to Professor Seamon, the Idaho Law Review faculty advisor, about what had happened.

16.     On February 15, 2016, Bethany told Sean Scoggin ("Sean"), her fiancé (now husband), what Paul had done and emphasized that she did not want Paul over at their home again.  Bethany and Sean had previously considered Paul a friend, but after his sexual assault, did not want any contact with him.

17.     That same day, on February 15, 2016, in a heated text message exchange with Sean, Paul admits that he "made a horrible mistake," that he "made a horrible string of mistakes," and that he deserved "a few shots in the jaw" by Sean.

***BETHANY REPORTS THE SEXUAL ASSAULT TO
DEFENDANT UNIVERSITY OF IDAHO***

18.     On February 16, 2016, Bethany emailed Dean Dodge, the Dean of Students at the Idaho Law School, and requested to speak with him about stepping down from her school internship.  At the meeting, she explained to Dean Dodge that she was sexually assaulted and requested information on the University of Idaho reporting procedures.

19.     Dean Dodge expressed that it was a confidential process and that neither party would be permitted to discuss it with other law students.  Following the meeting,

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 4

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1   Dean Dodge emailed Bethany a list of community and school resources such as contact
2   information for the counseling and testing center.
3
4        20.     On February 23, 2016, Bethany met with Dean Dodge and made an official
5   Complaint.   After that meeting, she emailed Dean Dodge copies of the text message
6   conversation she had following the Assault with Paul.   Dean Dodge responds to the email
7   and states "I am firmly committed to making sure this does not impact your education and
8   will help in any way possible."   Dean Dodge did not follow through on that commitment.
9
10       21.     On February 24, 2016, Bethany emailed Dean Dodge and asked whether she
11  should talk to Dean Seamon about the Sexual Assault so he could address the fact that both
12  Bethany and Paul were on law review and the issues associated with that.   Dean Dodge
13  tells Bethany not to discuss the incident with Dean Seamon.
14
15  ### DEFENDANT UNIVERSITY OF IDAHO DOES NOTHING TO PROTECT OR
16  ### ACCOMMODATE BETHANY DURING ITS INVESTIGATION OF THE ASSAULT
17
18       22.     The Title IX Investigation was conducted by Title IX Coordinator Erin
19  Agidius ("Erin"), and Title IX Investigators Jessica Atkins ("Jessica") and Scott Gove
20  ("Scott").
21
22  ### PAUL IS PERMITTED TO REMAIN IN BETHANY'S CLASS
23  ### DESPITE A NO CONTACT ORDER
24       23.     On February 26, 2016, Bethany received an email with a no-contact order
25  attached.   The order stated that "pending the completion of the investigation, Mr.
26  Alexander [Paul] has been instructed to have no contact with you [Bethany] through any
27  form or medium . . . conversely, you [Bethany] are instructed to have no contact with Mr.
28  Alexander [Paul], either."

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 5

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

24.     Despite the no-contact order, nothing changes.  Paul is permitted to remain in the classes that he shared with Bethany.

## BETHANY IS PREVENTED FROM ATTENDING SCHOOL EVENTS WHILE NOTHING CHANGES FOR PAUL

25.     On March 3, 2016, the Idaho Law Review Editor in Chief emailed the Law Review regarding a celebration at Gambino's, a restaurant and bar in Moscow.

26.     On March 4, 2016, Bethany emailed Dean Dodge and asked "how to handle the law review events" and whether she should plan on going to the Gambino's event.

27.     Despite the no-contact order and the fact she was sexually assaulted, Dean Dodge responds that "if you want to go, please do," and if Paul was present "it is advisable that you do not speak with him."

28.     That same day, because of the sexual assault and the emotional trauma it has caused, Bethany responds "ill sit this one out" and that "it's one thing to sit on opposite sides of a big class, and another to sit on opposite sides of small group of friends."

29.     To her dismay, including the dismay of her husband and friends, the school encouraged Bethany, the victim, to attend events at a bar with the perpetrator, Paul.  The school encourages this despite the no-contact order between Bethany and Paul.

30.     Upon information and belief, the University never requested that Paul refrain from attending the school event.

## BETHANY IS GIVEN NO GUIDANCE ON THE INVESTIGATION PROCESS NOR HOW SHE CAN PROTECT HERSELF DURING THE INVESTIGTION

31.     On March 4, 2016, having not received any guidance from the school on the investigation process, what events she is allowed to attend (as the school has not taken any

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 6

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1 action against Paul), and how she can avoid Paul, Bethany emails Dean Dodge asking him

2 when the sexual assault investigation will be concluded.

3

4   32. Erin responded to Bethany's email stating "we aim to complete

5 investigations within 60 days," but "delays do occur."

6   33. Over a month after Bethany made the complaint on February 23, 2016, an

7

8 investigator from the University of Idaho finally contacted Bethany to discuss the

9 Complaint.

10   34. On March 24, 2016, investigator Jessica finally contacts Bethany via email

11

12 and requests a meeting to discuss the sexual assault. The meeting is set for March 28,

13 2016.

14   35. On March 28, 2016, Bethany meets with investigators and provides them the

15

16 text messages. Bethany also suggests that they talk with another witness.

17   ***DESPITE ASSURANCES FROM THE UNIVERSITY OF IDAHO THE***

18   ***MATTER WOULD BE CONFIDENTIAL, NUMEROUS STUDENTS***
    ***BECAME AWARE OF THE SEXUAL ASSAULT***

19

20   36. On March 24, 2016, Bethany discovers, for the first time, that a friend of

21 hers was contacted by an attorney for Paul to ask if he knew about the sexual assault, and

22

23 requested that the witness discuss Bethany's "state of mind at the time."

24   37. Bethany's friend was not present during the night of the assault and refused

25 to speak with the attorney. The school never told Bethany that Paul had obtained a lawyer.

26   38. On March 27, 2016, Alex Roberts, coordinator of student conduct &

27

28 community standards for the University of Idaho, e-mailed Mr. Alexander with a notice of

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 7

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

determination that it was "determined that you attempted to engage in sexual contact without consent," but failed to provide such copy to Bethany.

39.     Bethany emailed Dean Dodge and both investigators to find out the status of the investigation and informed them that the confidentiality of the investigation had been breached.  By this time, Paul's attorney was contacting random students that were not aware of the sexual assault, and had not been present the night of the sexual assault, to discuss the same.

40.     Rather than doing anything about the confidentiality breach, the investigator Jessica responds that she has no idea why Paul's attorney is calling students from the University of Idaho, School of Law.

41.     The next day, on March 29, 2016, the Title IX Coordinator, Erin, responds stating that Paul's attorney is not working for the University of Idaho and that the students are free to not talk to them if they choose.

42.     Erin does nothing to address the privacy concerns raised nor the confidentiality promise that was made to Bethany.  Instead, Erin states that she is "unable to prevent someone outside the institution from asking questions," and that "if other similar issues arise," please let her know so that she can assess potential violations of the school's harassment and retaliation policies.

43.     Erin does not provide any suggestions on how to alleviate Bethany's privacy and confidentiality concerns, but instead, emails stating that Dean Dodge "can certainly serve as an excellent support with regard to your academic and classroom needs" and encourages Bethany to visit the Counseling and Testing Center for support.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 8

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

44.     Bethany responds to Erin's email, stating, "correct me if I'm wrong: basically there's nothing you can or will do about this?" Bethany further asks for clarification as to why Paul's attorney is "outside" the administrative process and is not held to the same confidentiality requirements as Paul, the university administrators and her.

45.     The University fails to respond.

### RATHER THAN REMOVE THE PERPETRATOR FROM THEIR COMMON CLASSES AND DESPITE THE NO-CONTACT ORDER, BETHANY IS FORCED TO TAKE CLASSES BY RECORDING

46.     Rather than remove Paul from their common classes, or request that Paul take the classes by recording, Dean Dodge offers to have Bethany's common classes with Paul recorded.

47.     Given the emotional issues Bethany was facing, the failure by the school to keep the matter confidential from other students, and her fear of Paul who at one point told Bethany to "eat s**t and die," and with no other option, Bethany agrees to stay home and listen to recordings of her common classes with Paul.

48.     Upon information and belief, the School never requested that Paul take their common classes by audio recording.

### BECAUSE OF THE UNIVERSITY'S INACTION, BETHANY IS FORCED TO CONFRONT THE SCHOOL ON ITS FAILURE TO ACCOMMODATE AND PROTECT HER DURING THE INVESTIGATION

49.     On March 30, 2016, Bethany and Sean visited Erin's office in person to explain that she was extremely upset with the school for allowing the sexual assault incident to get out.  Bethany goes on to inform her that she was extremely frustrated, that she has had to move seats in her classes and take classes by audio recording to avoid Paul,

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 9

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1    and that she has been unable to attend any law review events because the School has done

2    nothing to prevent Paul from going or even asking him to avoid one event.

3
4        50.    In that regard, Bethany tells Erin that Paul has not had to make any

5    adjustment during the investigation, but instead, the University has forced Bethany to

6    adjust her schedule and behavior to accommodate Paul.

7
### BETHANY INFORMS THE SCHOOL THAT SHE FEARS FOR HER
8    ### SAFETY BECUASE PAUL IS ATTEMPTING TO INTIMIDATE
9    ### HER, BUT AGAIN, THE SCHOOL DOES NOTHING

10       51.    Bethany further informs Erin that she is afraid of running into Paul in the
11
12   hallways, that she has run into him several times in the study carrels because her carrel is so
13   close to Paul.  Bethany requests a reasonable accommodation from Erin that Paul move to a
14   different study carrel so she does not have to run into him.
15
16       52.    Bethany further informs Erin that Paul is intentionally smoking cigarettes
17   outside the main entrance to intimidate her, and that as a result, she has been forced to have
18
19   her friends walk her to and from her car so that she does not have to face Paul alone when
20   going to and from the school building.

21       53.    The School never offers to provide Bethany with an escort to ensure that she
22
23   can move safely around the school between classes, despite Bethany expressing concern for
24   her safety.

25   ### THE SCHOOL PROMISES TO ADDRESS BETHANY'S CONCERNS,
     ### BUT AGAIN, DOES NOTHING TO ACCOMMODATE HER
26
27       54.    During Bethany and Sean's visit with Erin, the Title IX Coordinator, on
28
     March 30, 2016, Erin promises to address Bethany's concerns "that day."  Bethany hears

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 10

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

nothing from Erin and emails her just before 5:00 p.m., frustrated that her concerns have again not been addressed.

55.     Rather than accommodate Bethany and address her safety concerns by moving Paul's study carrel, the University again requests that Bethany accommodate Paul by offering to make available a different study carrel for Bethany to move to.

56.     Erin informs Bethany that she has asked Paul to find a different smoking location and that Paul is "only temporarily relieved of his responsibilities on law review" until the conclusion of the investigation.

57.     Erin does not address Bethany's concerns about Paul's attendance at the law review events that Bethany has continually been forced to miss in order to accommodate Paul.

58.     With regard to Bethany's concerns about the common classes she has with Paul and being forced to switch seats and take classes by video in order to avoid running into Paul, Erin informs Bethany that there is no teleconferencing available for her classes and that her voluntary seat reassignment to the back of the class was sufficient and appropriate.   In other words, Bethany was told to deal with it and face the person that sexually assaulted her.

59.     Again, upon information and belief, Paul was never asked to switch seats to the back of the class, take common classes by video, attend a different class, stop attending law review events, and/or switch study carrels.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 11

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1
2
3

### RATHER THAN ACCOMMODATE BETHANY, THE TITLE IX COORDINATOR TELLS BETHANY SHE SHOULD UPROOT HER ENTIRE FAMILY AND SWITCH CAMPUSES

4       60.     Amazingly, Erin, the person entrusted with protecting students as the Title

5    IX Coordinator then told Bethany that if she felt uncomfortable on the Moscow campus,

6    University of Idaho would waive the deadline and allow Bethany to move her entire family

7
8    (including her fiancé that worked at the University of Idaho and their kids) and transfer to

9    the Boise campus.

10      61.     Upon information and belief, the School never requested that Paul switch to

11
12   a different campus and city.  Again, the School requested that Bethany accommodate Paul.

13      62.     Erin goes on to tell Bethany that contacting witnesses, which has resulted in

14
15   the entire student body finding out about the sexual assault, "is unlikely to rise to the level

16   of a violation of the student code of conduct," dismissing her privacy and confidentiality

17   concerns, without any accommodation or suggested resolution.

18

### FEELING DISTRAUT ABOUT HER TREATMENT BY THE UNIVERSITY, BETHANY CONFRONTS THE UNIVERSITY ABOUT ITS FAILURE TO ACCOMMODATE

19
20

21      63.     By this time, Bethany, having been asked by the School to accommodate

22   Paul at every step of the investigation, despite being the victim of a sexual assault,

23
24   responds in anger and frustration at the schools continued failure to accommodate and

25   help her, stating, in pertinent part, that:

26          I'm aware that I can move carrels.  I like my carrel.  It has always been my
27          carrel.  Thank you for clarifying that the school feels 'neutrality' means
28          that making that my problem as well.

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

How nice for Paul that he gets a little break from editing while the investigation is ongoing. Maybe you'll be finished up just in time for him to come back for the end of the year party!

I appreciate the suggestion that I entirely change my life, uproot my kids, and ask my fiancé to leave his job, in order to move to Boise and attend classes in a less hostile environment. Are you kidding me?

You and I obviously have very different interpretations of what constitutes harassment, and what would discourage a person from participation in a Dean of Students investigation. I'm having difficulty identifying a single way that any member of this administration has served to support my access to the school and my continued participation in my education. Except, of course, for telling Paul to smoke somewhere else.

64.     On March 31, 2016, consistent with the School's continued pattern of treating Bethany like the perpetrator, rather than the victim, the school investigator emails Bethany with additional questions about her alcohol consumption.

### THE UNIVERSITY'S CONTINUED FAILURE TO ACCOMMODATE AND HELP BETHANY RESULTS IN HER ABSENCE FROM SCHOOL, DEPRESSION, ANXIETY AND COUNSELING

65.     On April 3, 2016, having failed to receive any assistance, accommodation or help from the school, other than asking Paul to switch smoking locations, Bethany emails Dean Dodge and informs him that she is not ready to come back to the school.

66.     Bethany further informs Dean Dodge that she is suffering from extreme depression, has acute anxiety, and has been attending frequent counseling sessions.

67.     On April 4, 2016, Dean Dodge responds that he will arrange to have Bethany's classes recorded. Dean Dodge never addresses Bethany's depression, anxiety and attendant counseling sessions caused by her sexual assault and the University's failure to help her.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 13

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1
2

### THE INVESTIGATION CONCLUDES AND THE UNIVERSITY FINDS PAUL SEXUALLY ASSAULTED BETHANY

3       68.    On April 4, 2016, the Title IX Investigation Report was issued finding that

4   Bethany had been sexually assaulted by Paul.  Specifically, Title IX Investigators Jessica

5

6   and Scott concluded that "[b]ased on the totality of the circumstances, the information

7   obtained pursuant to this investigation, the credibility of the allegation, and based on a

8   more likely than not standard of proof, the investigators determine that it is reasonable to

9

10   conclude that it is more likely than not that the Respondent [Paul] engaged in sexual

11   contact without consent on or about February 11, 2016."  Bethany was not notified that

12   the University investigators had issued a finding.

13

14       69.    On May 9, 2016, Bethany received an email from Alex Roberts requesting

15   a meeting, and indicating that the sexual assault appears to be headed to a conduct

16   hearing and he would like to discuss the investigating finding and conduct process with

17

18   Bethany.

19   ### DESPITE THE UNIVERSITY CONCLUDING THAT AT SEXUAL ASSAULT OCCURRED
20   ### IN EARLY APRIL, THE HEARING BEFORE THE UNIVERSITY DISCIPLINARY
21   ### REVIEW BOARD DOES NOT OCCUR UNTIL LATE JULY 2016, OVER
22   ### 5 MONTHS AFTER BETHANY WAS SEXUALLY ASSAULTED

23       70.    On May 10, 2016, almost 3 months to the date of the sexual assault, and

24   over a month after the Title IX Investigation Report had been issued finding a sexual

25

26   assault had occurred, Bethany met with Alex to see the findings for the first time.

27       71.    Alex told Bethany there would be a hearing in the next week or two and

28   he would email her with an update.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 14

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

72.     Rather than the hearing taking place in a few weeks, Bethany would not receive a copy of the investigative findings until July 13, 2016.

73.     On July 15, 2016, Alex emailed Bethany, the Student Disciplinary Review Board ("SDRB") Chairman, and Paul the evidentiary documents for the hearing set for July 22, 2016 before the SDRB.  On July 19, 2016, Alex emailed Bethany the preemptive statement Paul sent to the Dean of Students office after being notified of investigation.

74.     On July 20, 2016, Alex tells Bethany that she has the right to make a statement to the SDRB panel and call her own witnesses.  Bethany emailed Alex to discuss Paul's statement, talk about the hearing and witnesses that would be called, in addition to Bethany's victim impact statement.  Bethany was never offered an attorney to represent her at the hearing, nor did she receive any of the materials submitted by Paul prior to the hearing.

75.     On July 22, 2016, at the hearing, Bethany testified, read her victim impact statement and was allowed to ask Paul a single question.  At the hearing, for the first time, Bethany received the materials submitted by Paul that included two written statements from her former friends that Paul's attorney had obtained.

76.     On July 27, 2016, Bethany received the SDRB's findings, confirming that Title IX Investigation Report finding that she had been sexually assaulted by Paul.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 15

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

*EVEN AFTER A FINDING BY THE SCHOOL THAT PAUL COMMITTED THE SEXUAL ASSAULT, DURING PAUL'S APPEAL OF THE SDRB'S FINDING, THE UNVERSITY AGAIN FAILS TO ACCOMMODATE, ASSIST OR HELP BETHANY WITH A COMMON CLASS*

77.     On August 1, 2016, Bethany emailed Alex asking if Paul appealed the SDRB findings, and explaining that they were registered in the same class together in the fall semester and she needed help addressing that.

78.     On August 2, 2016, Bethany is informed that Paul has appealed the SDRB findings and that she has a right to respond during the appeal.

79.     Alex further informed Bethany that while the appeal was pending Paul had the right to attend the school, and that developing a plan to avoid contact with Paul was a good idea.  Alex's email states the plan "will have to be reasonable for both sides and I'm sure Jeff (Dean Dodge) will be involved in making such plan."

80.     Bethany immediately emailed Dean Dodge and asked again, for help addressing this shared class.  Dean Dodge suggested that Bethany and he meet the week before classes start "to discuss not just this class but any others where similar issues could arise."

81.     On August 8, 2016, Dean Dodge emailed Bethany and asked to check in the Friday before classes start.  On August 17, 2016, Dean Dodge emailed Bethany stating that he looks forward to "brainstorming" with her the best way to address that class.

82.     On August 18, 2016, Bethany emailed Dean Dodge that she was not comfortable being in a small class with Paul and requested that he register in a different class.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 16

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

83.     On August 21, 2016, having not received any response from Dean Dodge and with school starting the next day, Bethany again emailed Dean Dodge that she was concerned about the lack of response and would like to know "ASAP" what to expect the following morning at school.

84.     That same day, on August 21, 2016, Dean Dodge responded that "Paul is permitted to attend the class while the final appeal awaits decision," but he will "speak to the professor to inform him of the no contact orders at potential conflict . . . The other thing I will do is write to each person with a no contact order to remind them of it."

85.     Fed up with the continued lack of accommodation from the School, Bethany responds that at a minimum she expects accommodation via videoconferencing and that she "will not be in the same class room with him—there is no way to avoid contact in a small class room."

86.     Dean Dodge responds that "I am happy to have the classes recorded this week if you want to take this further."

87.     Again, to Bethany's dismay, the school encouraged Bethany, the victim, to attend a common class the perpetrator, Paul.  This even after the SDRB determined Paul had sexually assaulted Bethany and had told Bethany she was protected by a no-contact order.   Notably, this was a bankruptcy class with a small number of students.

88.     Upon information and belief, Paul was never asked to take common classes by video or attend a different class.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 17

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***BETHANY INFORMS THE UNIVERSITY THE ACCOMODATIONS ARE
UNSATISFACTORY AND THE UNIVERSITY AGAIN FAILS TO
ACCOMMODATE HER DURING THE NEW SCHOOL YEAR***

89.     Bethany responded to Dean Dodge that the "accommodations" - *i.e.,*
failure to accommodate is unsatisfactory.

90.     Dean Dodge responds, claiming that he has responded to her concerns by:
(a) notifying faculty of the no-contact orders to avoid classroom work and participation
issues; (b) a remainder of the no-contact orders would be done once he confirms who
they involve; (c) arrange for audio recording of the bankruptcy classes while the matter is
being worked out; (d) look at videoconferencing capability once he hears back on its
possibility; and (e) assist in seating concerns "if they arise" (offered).    Dean Dodge
further stated that he hoped to have more clarity by now.

91.     Once more, having received no help or accommodation, other than the
University's request that Bethany accommodate Paul's schedule, Bethany responded to
Dean Dodge arguing that he only offered to record classes after her strong objection to
his initial lack of response, and expressing her frustration that his solution was to exclude
Bethany from class and again allow Paul to continue his education without distraction.

92.     Bethany again responded out of frustration and anger to Dean Dodge over
the utter failure of the University to accommodate or help her in any way; this, despite,
just a month earlier (July 22, 2016) the SDRB determining that Paul had sexually
assaulted her, stating, in pertinent part, that:

>   1.     It is difficult to imagine why the instructor would not already know
>   of the no contact order, and how exactly that could be considered a
>   reasonable accommodation for me rather than the bare minimum of

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 18

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

responsible communication between colleges, required to maintain safety within the law building.

2.      Every one of the women who have no contact orders against Paul are very well aware of their existence and need no reminding.  The issue is not that someone has forgotten the existence of a no contact order, but that the school has rendered it virtually meaningless and that it is not providing any of the promised protection from interaction with Paul.

3.      Arranging for me to have my classes recorded, along with the expectation that I will continue to bow quietly out of the way, find my way to the backseat or the exit, and continue to wait silently for it to be safe to return to school seems to put quite a bit of responsibility for this situation on me.  It's not entirely surprising given that that was the full extent of the "support" the school provided me last semester, but it's absolutely inadequate and unacceptable.

4.      No mention of Paul videoconferencing?  Even given that PAUL is the subject of THREE no contact orders in that class?  Victim shame much?

5.      I already know my way to the back row, Dean Dodge.  I wore a path there last year.  Pretty sure I can find my way back.

After making those points, Bethany further stated to Dean Dodge that she hoped he "understand[s] that it is impossible to believe that you are concerned about me at all."

93.     After receiving no help from Dean Dodge, Bethany emailed Alex to explain her frustration over Dean Dodge and the University's handling of this matter, and asking for help, stating, in pertinent part, that:

I'm writing to ask for your help and advice, and also maybe to give you a little heads up that I am considering filing a complaint with the board of education against Dean Dodge for his handling of this whole situation.  I emailed him on August 2 asking to discuss reasonable accommodations for the class that Paul, Joey, Christi and I are all enrolled in, and he basically blew me off for three weeks.  When he finally got back to me he asked me to "brainstorm" ways to handle the situation (am I getting paid to solve these problems? I didn't know.) and i responded saying that I didn't feel there was any reasonable way for Joey, Christi and myself to interact in class discussions in a relatively small class (20ish people) without having contact with him, and that I was not comfortable being in

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the same class room with Paul in such a small class. I told him that I thought Paul should be removed from the class and given the opportunity to enroll in a different one. It is not a required course. He did not respond for three days, and this morning when I emailed again and complained that I had not heard anything from anyone at the university about how this would be handled (and its TOMORROW, folks!) he emailed back immediately and said that he would "accommodate" me by informing the instructor of the existence of the no contact orders and sending a reminder email to everyone else who has a no contact order about the no contact orders. I said and firmly believe that that is no "accommodation" at all and feels incredibly insulting. After I complained STRONGLY over email, he offered to have my classes taped for me so that I could just sit it out, because apparently "accommodation" only ever means me sitting in the back row, or me staying home, or me transferring to the Boise campus, or me moving carrels, or me sucking it up and generally just not bothering him. After blowing me off for weeks, he said that he really couldn't do anything, he forwarded all my emails to some mysterious somebody who is apparently ACTUALLY in charge of dealing with the no contact order, and basically left me with nothing and no help. THE NIGHT BEFORE CLASSES START.

I feel that i have been blown off by Dean Dodge one too many times. I am tired of receiving absolutely no help from him in dealing with the no contact order. Last semester I adjusted to the no contact order by moving to the back row in all the classes that I shared with Paul, and by asking Christi and Joey to walk everywhere with me and never leave me alone after I kept running in to him in the hallway (because Dean Dodge wouldn't ask him to move carrels, and his was very, very close to mine, and it was virtually impossible to avoid him). When you and I discussed having to deal with Paul being at school, you seemed fairly confident that Dean Dodge would work with me in some way to provide protection and meaning to the no contact order. He has failed to explore or provide ANY alternatives or suggestions, aside from suggesting that I stay home and listen to recordings after I told him i was hiring a lawyer. I can't work with him on this. I don't want to be litigious and nasty but I am furious, and I really feel that you are the only person at the university who has taken this seriously and treated me with any type of fairness and respect, and I'm hoping you can help me again. Is there someone else who can make decisions and arrangements for classes at the law school? Is there ANY alternative that does not involve me making myself invisible, and if there isn't, can you please tell me exactly why that is? Why don't multiple no contact orders mean that he has to make some slight adjustment in his class participation, instead of always and constantly making this only my problem? Please? Someone explain? sorry for the rant. i so appreciate

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1    how kind you have been to me."

2    94.    On August 22, 2016, on the first day of school, and again, receiving no

3

4    accommodation or help from the School, Bethany emailed Dean Dodge again, stating, in

5    pertinent part, that:

6

7        As per your latest communication, I abstained from attending class this
         morning in order to avoid in any way, shape or form inconveniencing the
8        man who sexually assaulted me while seeing to my own safety.
         Unfortunately, upon entering the building (late, so as to avoid contact with
9        the perpetrator) his was the first face that I saw, as he is seated near the
         front row facing the main doors with a perfect view from the classroom
10       door window. Of course I am happy to enter the building (after my class
         has begun without me) from a different door.
11       Please let me know if there is anything else i can do to make this easier for
12       the university and those who perpetrate sexual violence.

13

14   95.    On that same day, witnesses Christi and Joe, who also believed they were

15   the subject of no-contact orders from Paul, emailed Dean Dodge expressing their concern

16   that Paul was in the same class as them and Bethany.

17

18   ***BETHANY IS FORCED TO GO TO THE PROFESSOR DIRECTLY***
     ***BECAUSE THE UNIVERSITY WILL NOT HELP HER***

19

20   96.    Having received no response from Dean Dodge or the University, or any

21   attempt at all to accommodate or help Bethany in dealing with her assailant that the

22

23   University had confirmed sexually assaulted her, Bethany emailed the professor of her

24   bankruptcy class in which Paul was present that she was "not currently able to attend

25   class due to the school's inaction in appropriately accommodating a no contact order

26   between myself and another student convicted of violating the student code of conduct."

27

28   97.    The professor of the bankruptcy class responded in dismay that the

     University did not resolve this issue before the start of class.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 21

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

### *BETHANY'S CLASS RANK DROPPED BECAUSE OF THE SCHOOL'S FAILURE TO HELP HER*

98.     At the time Bethany was sexually assaulted she had a top ten ranking in her law school class.  Because of the emotional trauma that she was facing, the schools failure to accommodate or assist Bethany, and the fact she was being forced to accommodate perpetrator by listening to audio recordings of the common classes they had together, among other actions, Bethany's grades suffered and she fell out of her top ten class ranking.

99.     At no time during this process did the school offer to help Bethany by providing her with academic support services, such as tutoring.  Moreover, the school did not arrange for Bethany to re-take courses, offer to allow Bethany to withdraw from common classes she had with Paul without penalty, or take any other action to ensure that the sexual assault and her continued accommodation of Paul's education did not adversely affected her academic record.

### *AFTER BEING TOLD BY THE UNIVERSITY FOR MONTHS THAT SHE WAS PROTECTED FROM THE PERPETRATOR BY A NO-CONTACT ORDER, BETHANY IS INFORMED THAT THE NO-CONTACT ORDER HAD EXPIRED MONTHS AGO WITHOUT HER KNOWLEDGE AND WITHOUT THE UNIVERSITY RENEWING IT TO PROTECT HER*

100.    On August 22, 2016, Erin, the Title IX Coordinator trained and responsible for making sure that Title IX is followed by the University, responds to an email from Bethany's friends regarding the no-contact orders, informing them that the no-contact orders they believed to be in place as a result of their testimony would not actually be issued unless and until Paul exhausted his appeals.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 22

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1

2

3

4

101.   Despite assurances from the Dean of Students office that the no-contact orders would be issued following their testimony at the SDRB hearing, the same never occurred.

5

6

7

8

102.   Erin then responded to Bethany's email to Dean Dodge stating that "the sanctions listed in the SDRB determination letter are not yet in effect," including the no-contact order between Bethany and Paul.

9

10

11

12

13

14

15

16

103.   Bethany then checked the original no-contact order issued by the University and found that it had expired at the end of the investigation process in early April, and that for the past several months she had been without the protection of a no-contact order despite repeated assurances by the University that she was protected by a no-contact order and numerous communications with University personnel on the no-contact order.

17

18

19

20

21

22

23

24

104.   Erin also stated that because of the overlap that now existed between Bethany and Paul's schedule, Dean Dodge had acted appropriately in coordinating to have the class recorded for Bethany. Bethany responded to Erin in dismay that the class recording "isn't an accommodation, it's punishment." Again, upon information and belief, the University never requested that the class be recorded for Paul and Bethany be allowed to attend in person.

25

26

27

28

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 23

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

*HAVING FAILED TO RECEIVE ANY ACCOMMODATIO FROM THE
UNIVERSITY SINCE THE SEXUAL ASSAULT OCCURRED, AND HAVING BEEN
REFUSED ANY ACCOMMODATION EVEN AFTER THE UNIVERSITY
CONCLUDED BETHANY
HAD BEEN SEXUALLY ASSAULTED, BETHANY DESPARATELY TRIES TO
EXPLAIN TO THE UNIVERSITY WHAT A REASONABLE
ACCOMMODATION REQUIRES*

105.    On August 23, 2016, frustrated at the University's continued utter failure

to help and accommodate her from the predator that sexually assaulted her, Bethany

emailed Erin to inform her what the law required for accommodations, emailing her a

link to "knowyourix.org" which states, "the burden of accommodations or safety

measures should not be solely placed on the victim as this may be seen as a violation of

Title IX" and Bethany asks her to explain how the University or Paul had shared in any

way the burden of accommodation.

106.    Incredibly, rather than offer to help Bethany as the Title IX Coordinator

trained and entrusted with implementing Title IX to protect the students at the University

of Idaho, Erin, shockingly responds and <u>invites Bethany to file a Complaint with the

Office for Civil Rights</u>.

*THE UNIVERSITY MISHANDLES THE SDRB HEARING AND PAUL'S APPEAL
WAS GRANTED ON PROCEDURAL GROUNDS, ALLOWING HIM A
REHEARING
BEFORE THE SDRB BOARD AND FAILING TO PROVIDE PROMPT
RESOLUTION FOR BETHANY, CAUSING HER A BREAKDOWN*

107.    On August 5, 2016, Bethany received an email from Alex informing her

of the panel members appointed to the Student Appeals Committee ("SAC") to hear

Paul's Appeal.  In addition, Alex informed Bethany that there was a "malfunction" in a

"section" of the recording during the SDRB hearing, and "it unfortunately included much

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 24

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

of your [Bethany's] testimony." Alex informed her because the questions were written he did not think the recording gap was a big deal. On August 12, 2016, Alex emailed Bethany stating that he had just sent the Dean of Students appeal response to the SAC.

108.   On August 24, 2016, Bethany received the SAC decision, granting Paul's appeal on procedural grounds and delaying the imposition of any sanctions. The SAC reversed the SDRB decision because the University failed to follow its own grievance procedures by not bringing the hearing within 10 days, and for allowing witnesses to testify by phone absent a showing of "extraordinary circumstances."

109.   Again, this is another example of the University doing nothing to assist Bethany, but instead, allowing the perpetrator of her sexual assault to continue his education unaffected while Bethany is forced to accommodate his schedule at every step.

110.   Incredibly, despite Title IX requiring prompt resolutions to Title IX claims, over 7 months after Bethany was sexually assaulted by Paul, her claim had still not been resolved.

111.   After receiving the SAC's decision overturning Paul's suspension on procedural grounds, with no sanctions taking effect, Bethany falls apart. Bethany is unable to stop crying, unable to go to class and has to email her professors and tell them that she is not well.

### THE SECOND HEARING BEFORE THE SDRB BOARD, ANOTHER APPEAL, AND CONTINUED VICTIMIZATION OF BETHANY

112.   On August 25, 2016, Bethany receives an email from Alex with a "suggested approach" to dealing with the second hearing brought about by the University's failure to follow its own grievance procedures.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 25

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

113.   On August 30, 2016, a hearing was commenced by the SDRB.   Over objection, and despite the admonition in the July 27, 2016 written determination, the hearing officers permitted testimony of what can only be described as character witnesses, none of whom had first-hand knowledge of the subject incident.   Five of Bethany's classmates, each of whom had been informed of the sexual assault by Paul's attorney, testified at the second SDRB hearing regarding Bethany's behavior at school during the spring 2016 semester.

114.   Those five witnesses were allowed to testify despite the board at the prior hearing ruling that neither party be allowed to call witnesses that did not have first-hand knowledge of the facts surrounding the night of the sexual assault.

115.   Incredibly, and despite repeated assurances of confidentiality, one of the witnesses called at the hearing by Paul's attorney, made comments about the hearing in a shared class with Bethany and posted about the hearing on Facebook.   All of the witnesses called at the hearing by Paul "liked" her post.

116.   Upon information and belief, the University never required that the witnesses maintain confidentiality with regarding to the hearings.   The University allowed this continued harassment and confidentiality violation in failing to follow the directives of its own board.

### SDRB FINDS THAT BETHANY WAS ASSAULTED BY PAUL FOR A SECOND TIME, AND PAUL APPEALS

117.   Despite the breach of confidentiality and the abuse of procedural process permitted by the University of Idaho, Paul is found guilty again on August 30, 2016, and suspended from the University for a semester until January 2017.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 26

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

118.   Following the second SDRB determination, Paul, on September 6, 2016, with the assistance of counsel, filed yet another appeal.

119.   After that SDRB hearing, witnesses at the August 30, 2016 hearing continued to make comments in open classes at the law school relating to justice as it applies in sexual assault cases.   These comments by witnesses improperly permitted to testify on behalf of Paul have continued to cause deep emotional distress and further victimization of Bethany.

### THE SDRB'S DECISION FINDING BETHANY WAS SEXUALLY ASSAULTED BY PAUL WAS UPHELD ON APPEAL

120.   On September 26, 2016, the SAC upheld the SDRB determination finding that Bethany was sexually assaulted by Paul, and upheld the sanctions imposed by the SDRB making them retroactive to August 30, 2016.

121.   Paul requested review the SDRB determination by the University of Idaho President, who upheld the SDRB decision.

122.   Thus, in violation of Title IX's requirement of prompt resolution to Title IX claims, almost 7 ½ months after Bethany was sexually assaulted, her claim was finally resolved by the University.

### FOLLOWING THE NOTICE OF TORT CLAIM, IN RECOGNITION THAT THE UNIVERSITY FAILED TO ACCOMMODATE BETHANY, THE UNIVERSITY, FOR THE FIRST TIME, ATTEMPTS TO OFFER BETHANY ACCOMMODATIONS

123.   On November 2, 2016, in recognition of the Notice of Tort Claim that had been filed, the University, for the first time, attempts to provide Bethany with accommodations for the spring semester of Law School.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 27

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

124.   On November 2, 2016, the University, via an email from Dean Dodge, for the first time, stated that it would enforce a no-contact order with Paul.  Specifically, Dean Dodge stated, in pertinent part, that "[t]he Dean of Students Office is enforcing the no contact order with Paul into the future."

125.   Notably, there was nothing that prevented the University from enforcing a no-contact order with Paul during the entire University review process.  And in fact, the University incorrectly led Bethany to believe that she was protected by a no-contact order throughout the process.

126.   On November 2, 2016, the University, via an email from Dean Dodge, for the first time, prevented Paul, the perpetrator, from attending courses taken by Bethany. Specifically, Dean Dodge stated, in pertinent part, that the no-contact order with Paul "prevents his registration in any courses you're enrolled in next semester.  He'll soon write me with his schedule and I'm writing to ask you about yours. I've communicated that you have the right to change your schedule through the add/drop deadline next semester and he'll need to adjust."

127.   Notably, there was nothing that prevented the University from prohibiting Paul from taking common classes with Bethany during the entire University review process.  Instead, the University forced Bethany to accommodate Paul by sitting in the back of classes and taking classes by video, among other accommodations.

### BETHANY LEAVES THE MOSCOW CAMPUS FOR HER FINAL SEMESTER BECAUSE OF THE UNIVERSITY'S TREATMENT OF HER

128.   Because of the University's treatment of Bethany, its failure to accommodate her, and the emotional toll such actions were having on her, for Bethany's

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 28

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

final semester she moved away from the law school campus to complete a semester in practice. This was Bethany's only avenue to be safe from Paul, to avoid all the students that were told of the sexual assault, and to avoid the emotional toll she would deal with because of the University's continued failure to help her.

### THE UNIVERSITY FAILS TO INFORM BETHANY PAUL WOULD BE PARTICIPATING IN THE GRADUATION CEREMONY

129.    Bethany planned on participating in the graduation ceremonies and walking to obtain her diploma from the University in the presence of her family. Bethany emailed several University officials in preparation for graduation indicating her intention to participate in the ceremony.

130.    However, when Bethany showed up to the ceremony with her family, without any notice from the University, Bethany discovered that Paul would be walking in the ceremony and would be in close proximity to her.

131.    The University did not communicate to Bethany that Paul would be present at the graduation ceremony, and when she encountered Paul at the ceremony, she experienced debilitating anxiety and fear, and begin crying and had to leave the area.

132.    Instead of participating in the graduation ceremony, and fearing for her safety around Paul, Bethany watched her husband and her fellow law students' graduate in the audience. Bethany was in tears as Paul walked across the stage to receive his diploma, and many of the students who had been informed of the assault stood, cheered, whistled and clapped in support of him.

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

*SEAN RESIGNED FROM HIS POSITION WITH THE UNIVERSITY*

133.    Sean was working for the University of Idaho since before the sexual assault occurred.

134.    Because of the harmful environment created by the University's treatment of Bethany, Sean resigned from his position with the University and took a position working for the City of Sandpoint.

135.    Accordingly, both Bethany and Sean have been forced to uproot their entire family and changes cities.

*BECAUSE OF THE UNIVERSITY'S ACTIONS, BETHANY'S COUNSELOR*
*ADVISED HER TO DELAY TAKINGTHE BAR EXAMINATION*
*AND PROCEEDING WITH HER FIRST JOB*

136.    Because of the University's actions, Bethany has been receiving regular counseling from Dr. Michelle White.

137.    Dr. White advised Bethany to hold off from proceeding with the bar examination and her first job, until she could improve her emotional stability needed for these tasks as a result of the University's actions.

138.    Accordingly, Bethany has not signed up to take any bar examination.

139.    At the advice of Dr. White, Bethany has no definitive date to proceed with her career, and instead, continues to work with Dr. White to obtain a state where she can proceed with these two important steps in her career.

*THE UNIVERSITY'S ACTIONS HAVE RESULTED IN BETHANY*
*SUFFERING PERVASIVE PSYCHOLOGICAL INJURIES*

140.    Dr. Ronald M. Klein, Ph.D., following a psychological evaluation, has diagnosed Bethany as suffering "pervasive psychological injuries as a consequence of

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 30

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

how she was treated by her Law School in response to a sexual assault perpetrated by a

fellow law student."

141.    Dr. Klein diagnosed Bethany as experience "intense anxiety and

depression as a consequence of how her matter was handled, was responded to."

142.    Dr. Klein recommended "two years of weekly psychotherapy as

appropriate for her situation."

### THE DEAR COLLEAGUE LETTER

143.    The Office of Civil Rights ("OCR"), a division of the United States

Department of Education ("DOE"), is responsible for the implementation, interpretation,

and enforcement of Title IX.

144.    The OCR has promulgated numerous documents outlining the

requirements for an educational institution to be in compliance with Title IX, including

the Dear Colleague Letter of April 4, 2011 ("DCL"), which specifically concerns peer-

on-peer sexual assault.

145.    The DOE was authorized by Congress, pursuant to 20 U.S.C. § 1682, to

promulgate regulations to govern the implementation, interpretation and enforcement of

Title IX.

146.    The DCL is a "significant guidance document," intended to provide

educational institutions with clarity as to the requirements they must follow in order to be

in compliance with the DOE. Pursuant to 72 Fed. Reg. 3432, a "guidance document" is

"an agency statement of general applicability and future effect, other than a regulatory

action...that sets forth a policy on a statutory, regulatory, or technical issue or an

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

interpretation of a statutory or regulatory issue." A "significant guidance document" is "a guidance document disseminated to regulated entities or the general public that may reasonably be anticipated to...(iv) Raise novel legal or policy issues arising out of legal mandates, the President's priorities, or the principles set forth in Executive Order 12866, as further amended."

147.    The DCL specifically outlines the requirements that educational institutions must follow regarding peer-on-peer sexual assault.

148.    A failure to adhere to the requirements outlined in the DCL could result in the loss of federal funding for an educational institution.

149.    The DCL states that "Schools are required to publish a notice of nondiscrimination and to adopt and publish grievance procedures."

150.    The DCL requires that a University identify the name, title and contact information of the person designated to coordinate the school's compliance with Title IX. This coordinator is responsible for overseeing all Title IX complaints.  Further, the school must ensure that this coordinator has adequate training on Title IX.

151.    According to the DCL, the training of those addressing Title IX should include "confidentiality requirements."

152.    The DCL also notes that "If a student files a complaint with the school, regardless of where the conduct occurred, the school must process the complaint in accordance with its established procedures." In other words, a school is responsible for processing complaints of student-on-student sexual assault, even if it occurs off campus,

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 32

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

because "students often experience the continuing effects of off-campus conduct in the educational setting…"

153.   The DCL requires the school to "take steps to protect a student who was assaulted off campus from further sexual harassment or retaliation from the perpetrator and his or her associates."

154.   The DCL states, Title IX requires that the school afford the "complainant a prompt and equitable resolution" of sexual assault claims.

155.   The DCL further requires that the complainant be granted "timely access to any information that will be used" at hearings.

156.   The DCL also requires that the school's train their employees "with the authority to address harassment [so they] know how to respond properly."

157.   The DCL requires designated and reasonably prompt timeframes for investigation and resolution of sexual assault claims.

158.   The DCL also outlines OCR recommendations regarding complainant safety.

159.   The DCL states, "Title IX requires a school take steps to protect the complainant as necessary, including taking interim steps before the final outcome of the investigation. The school should take these steps promptly once it has notice of a sexual harassment or violence allegation."

160.   The DCL sets forth a list of non-exclusive remedies to protect the Complainant during the investigation, for instance prohibiting the "perpetrator from having any contact with the complainant pending the results of the schools investigation."

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

161.    The DCL continues, "When taking steps to separate the complainant and alleged perpetrator, a school should minimize the burden on the complainant, and thus should not, as a matter of course, remove complainants from classes or housing while allowing alleged perpetrators to remain."

162.    The DCL states the school should further provide "counseling services" and "ensure that complainants are aware of their Title IX rights and any available resources."

163.    The DCL also states remedies for the complainant may include "providing an escort to ensure that the complainant can move safely between classes and activities."

164.    Additionally, the DCL indicates the school should "ensure[] that the complainant and alleged perpetrator do not attend the same classes."

165.    Further, the DCL states the school should provide "academic support services, such as tutoring."

166.    The DCL also states that academic changes should include "ensuring that any changes do not adversely affect the complainant's academic record."

167.    These remedies are available even before the school's investigation is complete and are not an exclusive list of accommodations.

## FIRST CAUSE OF ACTION - BETHANY
## VIOLATION OF TITLE IX – 20 U.S.C. § 1681
## (DISCRIMINATION ON THE BASIS OF GENDER/
## HOSTILE EDUCATIONAL ENVIRONMENT)

168.    Plaintiff re-alleges and incorporates paragraphs 1 through 167 inclusive, as though fully set forth herein.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 34

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

169.    At all relevant times, Plaintiff was a member of the class of individuals protected by Title IX.

170.    At all relevant times, Defendant was a recipient of federal funding and was subject to the requirements of Title IX.

171.    As alleged herein, and found by the Defendant, Plaintiff was subjected to a sexual assault by another student from the University of Idaho.

172.    Plaintiff was denied access to educational opportunities and benefits as a result of a sexual assault that was severe, pervasive, objectively offensive and known by Defendant, as to alter the conditions of her education, create an abusive educational environment and deprive Plaintiff of access to educational opportunities and benefits provided by University of Idaho.

173.    Defendant acted with deliberate indifference to Plaintiff's known sexual assault resulting in a hostile educational environment for Plaintiff by, among other things, forcing Plaintiff to attend classes with the perpetrator during the Defendant's investigation of the sexual assault despite a no-contact order and forcing Plaintiff to switch seats to the back of the class rather than the perpetrator; forcing Plaintiff to miss school events attended by the perpetrator; encouraging Plaintiff to attend school events with the perpetrator despite a no-contact order; failing to exclude perpetrator from common classes and events; failing to give guidance to the Plaintiff on the investigation process and how she can protect herself during the investigation; failing to provide timely access to information during the hearings; failing to notify Plaintiff of her Title IX rights and available resources; breaching promises of privacy and confidentiality requirements during the investigation process by

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 35

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

allowing numerous students to become aware of the sexual assault; failing to remove the perpetrator from common classes despite a no-contact order; failing to request that the perpetrator take common classes by recording, and instead, forcing the Plaintiff victim to take common classes by recording; failing to request that the perpetrator switch to a different class rather than requiring Plaintiff to attend classes with the perpetrator and with a no-contact order, or take the class by video; failing to accommodate Plaintiff during the investigation even after being confronted by Plaintiff with the fact only she has had to adjust her schedule and behavior to accommodate the perpetrator; failing to protect Plaintiff despite being told Plaintiff fears for her safety because the perpetrator is attempting to intimidate her; failing to provide an escort for Plaintiff to and from the building and forcing Plaintiff have her friends escort her for safety; forcing Plaintiff to change study carrels for safety concerns rather than the perpetrator and not requesting that the perpetrator change study carrels; telling Plaintiff she can move her entire family (including her then fiancé that worked at the University and their kids) and transfer to the Boise campus without ever requesting that the perpetrator switch to a different campus and city; questioning Plaintiff on her alcohol consumption when Plaintiff confronted the Defendant on its failure to provide her with assistance; failing to provide Plaintiff with assistance when Defendant was told its actions have resulted in anxiety and depression; giving Plaintiff only 2 days-notice that she had a right to make a statement and call witnesses at the perpetrator's disciplinary review hearing; failing to offer Plaintiff an attorney to represent her interests at the disciplinary review hearing despite the perpetrator having an attorney nor providing Plaintiff with any of the materials or witness statements

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

submitted by the perpetrator prior to the disciplinary review hearing; failing to accommodate, assist or help Plaintiff during the perpetrator's appeal of Defendant's determination that Plaintiff has been sexually assaulted by the perpetrator; failing to address the shared class Plaintiff had with the perpetrator even after the Defendant had determined the sexual assault occurred and despite Plaintiff requesting assistance 3 weeks before the new semester started; responding to Plaintiff the day before class started that Plaintiff could attend the class by recording again, even though Plaintiff's objection that this action to assist the perpetrator was unacceptable; forcing Plaintiff to go directly to the professor and inform him she was unable to attend class because the Defendant would not assist her, to the professor's dismay that the school did not resolve this prior to the semester starting; failing to accommodate, assist or help Plaintiff through academic support and assistance, tutoring, re-taking of courses, requiring the perpetrator to take classes by audio recording or to switch classes, or allowing Plaintiff to withdraw from common classes, among other assistance; Defendant's failure to accommodate, assist or help Plaintiff causing her to lose her top 10 school academic ranking; failing to offer academic support; failing to ensure Plaintiff's academic record is not affected by Defendant's actions; failing to inform Plaintiff that the no-contact order issued at the start of the sexual assault investigation expired when the investigation concluded despite assurances by the school to the contrary and numerous communications with University personnel on the no-contact order and it still be in effect; failing to provide Plaintiff with a subsequent no-contact order during the disciplinary review hearing process (and appeal); requiring that the Plaintiff tell the Defendant what the law required for accommodations after Defendant's continued

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1  failure to accommodate, assist or help her; having the Title IX Coordinator trained and
2
3  entrusted with implementing Title IX to protect the students at the University invite the
4  Plaintiff to file a Complaint with the Office for Civil Rights rather than actually help the
5  Plaintiff; failing to properly train the Title IX coordinator and other school personnel;
6
7  failing to follow its own grievance procedures resulting in the original disciplinary review
8  finding of sexual assault being overturned on procedural grounds 7 months after the sexual
9  assault occurred in violation of the Title IX requirement for prompt resolutions of Title IX
10
11  claims; allowing students to post comments on the disciplinary hearings on Facebook
12  despite repeated assurances of confidentiality and make comments in class while Plaintiff
13  was present; failing to prevent harassment and further intimidation by the perpetrator and
14
15  his associates; taking approximately 7 ½ months to complete the disciplinary reviewing
16  procedure determining Plaintiff was sexually assaulted in violation of the Title IX
17  requirement for prompt resolutions of Title IX claims; attempting to provide the Plaintiff
18
19  with accommodations, for the first time, by providing a no-contact order with the
20  perpetrator and preventing the perpetrator from attending common classes with Plaintiff,
21  only after the Notice of Tort Claim form had been filed against Defendant; leaving Plaintiff
22
23  with no other choice but to leave the campus for her final semester because of Defendant's
24  failure to accommodate, assist, help or protect Plaintiff; and failing to inform Plaintiff that
25  the perpetrator would be present at graduation; among other acts, that involved an
26
27  unreasonable risk of causing distress among other deliberate indifferent acts.
28

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 38

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

174. Defendant was deliberately indifferent and failed to institute any accommodation for Plaintiff, or assist or help the Plaintiff, instead punishing Plaintiff in the wake of the emotional and psychological trauma caused by the sexual assault.

175. The conduct of University of Idaho as alleged herein resulted in Plaintiff being excluded from, participating in, being denied the educational opportunities and benefits of, and being subject to, discrimination in Defendant University of Idaho's education programs in violation of Title IX.

176. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination conduct, Plaintiff experienced and will continue to experience pain and suffering and severe mental anguish and emotional distress. Plaintiff has also suffered economic damages and has incurred, and will incur, costs of treatment. Plaintiff is entitled to general, special, and compensatory damages, and which will be proven at trial.

**SECOND CAUSE OF ACTION - BETHANY**
**VIOLATION OF TITLE IX – 20 U.S.C. § 1681**
**(DISCRIMINATION ON BASIS OF GENDER/**
**FAILURE TO ACCOMMODATE)**

177. Plaintiff re-alleges and incorporates paragraphs 1 through 176 inclusive, as though fully set forth herein.

178. At all relevant times, Plaintiff was a member of the class of individuals protected by Title IX.

179. At all relevant times, Defendant was a recipient of federal funding and was subject to the requirements of Title IX.

180. As alleged herein, and found by the Defendant, Plaintiff was subjected to a sexual assault by another student from the University of Idaho, School of Law.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 39

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

181.    Defendant was deliberately indifferent to Plaintiff following a known sexual assault and created a hostile educational environment which she suffered as a result of Defendant's failure to institute any accommodation for Plaintiff and for her safety during the investigation of the sexual assault, including, but not limited to those requirements, remedies and accommodations outlined by the OCR, a division of the DOE, in the DCL for sexual assault, including, but not limited to: (a) adequately training the Title IX coordinator and those implementing Title IX how to address harassment and respond properly; (b) maintaining confidentiality requirements; (c) taking steps to prevent further harassment or retaliation from the perpetrator and his or her associates; (d) providing prompt and equitable resolution of the sexual assault claim investigation and resolution; (e) providing timely access to information used at hearings; (f) providing complainant safety; (g) enforcing no-contact orders; (h) excluding perpetrator from common classes and areas; (i) providing counseling services; (j) notifying complainant of her Title IX rights and available resources; (k) providing an escort to ensure complainant safety; (l) providing academic support; and (m) ensuring complainant's academic records is not affected, among others.   Under the DCL, this list is not exclusive.

182.    These remedies are available even before the school's investigation is complete.

183.    Defendant acted with deliberate indifference in deviating significantly from the standard of care outlined by the DOE in the DCL of 2011 and its own policies, including, among other things, forcing Plaintiff to attend classes with the perpetrator during the Defendant's investigation of the sexual assault despite a no-contact order and forcing Plaintiff to switch seats to the back of the class rather than the perpetrator; forcing

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 40

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

Plaintiff to miss school events attended by the perpetrator; encouraging Plaintiff to attend school events with the perpetrator despite a no-contact order; failing to exclude perpetrator from common classes and events; failing to give guidance to the Plaintiff on the investigation process and how she can protect herself during the investigation; failing to provide timely access to information during the hearings; failing to notify Plaintiff of her Title IX rights and available resources; breaching promises of privacy and confidentiality requirements during the investigation process by allowing numerous students to become aware of the sexual assault; failing to remove the perpetrator from common classes despite a no-contact order; failing to request that the perpetrator take common classes by recording, and instead, forcing the Plaintiff victim to take common classes by recording; failing to request that the perpetrator switch to a different class rather than requiring Plaintiff to attend classes with the perpetrator and with a no-contact order; failing to accommodate Plaintiff during the investigation even after being confronted by Plaintiff with the fact that only she has had to adjust her schedule and behavior to accommodate the perpetrator; failing to protect Plaintiff despite being told Plaintiff fears for her safety because the perpetrator is attempting to intimidate her; failing to provide an escort for Plaintiff to and from the building and forcing Plaintiff have her friends escort her for safety; forcing Plaintiff to change study carrels for safety concerns rather than the perpetrator and not requesting that the perpetrator change study carrels; telling Plaintiff she can move her entire family (including her then fiancé that worked at the University and their kids) and transfer to the Boise campus without ever requesting that the perpetrator switch to a different campus and city; questioning Plaintiff

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 41

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

on her alcohol consumption when Plaintiff confronted the Defendant on its failure to provide her with assistance; failing to provide Plaintiff with assistance when Defendant was told its actions have resulted in anxiety and depression; giving Plaintiff only 2 days-notice that she had a right to make a statement and call witnesses at the perpetrator's disciplinary review hearing; failing to offer Plaintiff an attorney to represent her interests at the disciplinary review hearing despite the perpetrator having an attorney nor providing Plaintiff with any of the materials or witness statements submitted by the perpetrator prior to the disciplinary review hearing; failing to accommodate, assist or help Plaintiff during the perpetrator's appeal of Defendant's determination that Plaintiff has been sexually assaulted by the perpetrator; failing to address the shared class Plaintiff had with the perpetrator even after the Defendant had determined the sexual assault occurred and despite Plaintiff requesting assistance 3 weeks before the new semester started; responding to Plaintiff the day before class started that Plaintiff could attend the class by recording even through Plaintiff's objection that this action to assist the perpetrator was unacceptable; forcing Plaintiff to go directly to the professor and inform him she was unable to attend class because the Defendant would not assist her, to the professor's dismay that the school did not resolve this prior to the semester starting; failing to accommodate, assist or help Plaintiff through academic support and assistance, tutoring, re-taking of courses, requiring the perpetrator to take classes by audio recording or to switch classes, or allowing Plaintiff to withdraw from common classes, among other assistance; Defendant's failure to accommodate, assist or help Plaintiff causing her to lose her top 10 school academic ranking; failing to ensure Plaintiff's academic record is

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

not affected by Defendant's actions; failing to inform Plaintiff that the no-contact order

issued at the start of the sexual assault investigation expired when the investigation

concluded despite assurances by the school to the contrary and numerous

communications with University personnel on the no-contact order; failing to provide

Plaintiff with a subsequent no-contact order during the disciplinary review hearing

process and appeal; requiring that the Plaintiff tell the Defendant what the law required

for accommodations after Defendant's continued failure to accommodate, assist or help

her; having the Title IX Coordinator trained and entrusted with implementing Title IX to

protect the students at the University invite the Plaintiff to file a Complaint with the

Office for Civil Rights rather than assist her; failing to properly train the Title IX

coordinator; failing to follow its own grievance procedures resulting in the original

disciplinary review finding of sexual assault being overturned on procedural grounds 7

months after the sexual assault occurred in violation of the Title IX requirement for

prompt resolutions of Title IX claims; allowing students to post comments on the

disciplinary hearings on Facebook and make commons openly in classes attend by the

Plaintiff despite repeated assurances of confidentiality; failing to prevent harassment and

further intimidation by the perpetrator and his associates; taking approximately 7 ½

months to complete the disciplinary reviewing procedure determining Plaintiff was

sexually assaulted in violation of the Title IX requirement for prompt resolutions of Title

IX claims; attempting to provide the Plaintiff with accommodations, for the first time, by

providing a no-contact order with the perpetrator and preventing the perpetrator from

attending classes with Plaintiff, only after the Notice of Tort Claim form had been filed

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 43

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

against Defendant; leaving Plaintiff with no other choice but to leave the campus for her final semester because of Defendant's failure to accommodate, assist, help or protect Plaintiff; and failing to inform Plaintiff that the perpetrator would be present at graduation; among other acts that involved an unreasonable risk of causing distress.

184.    As a result of Defendant's deliberate indifference, Plaintiff suffered lost educational opportunities and/or benefits along with injuries, damages and losses, including but not limited to: lost future earnings and loss of earning capacity; damage to and delays in her pursuit of higher education; and fear, anxiety, trauma and emotional distress.

## THIRD CAUSE OF ACTION - BETHANY
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

185.    Plaintiff re-alleges and incorporates paragraphs 1 through 184 inclusive, as though fully set forth herein.

186.    Defendant knew or should of known that its actions of, among other things, forcing Plaintiff to attend classes with the perpetrator during the Defendant's investigation of the sexual assault despite a no-contact order and forcing Plaintiff to switch seats to the back of the class rather than the perpetrator; forcing Plaintiff to miss school events attended by the perpetrator; encouraging Plaintiff to attend school events with the perpetrator despite a no-contact order; failing to exclude perpetrator from common classes and events; failing to give guidance to the Plaintiff on the investigation process and how she can protect herself during the investigation; failing to provide timely access to information during the hearings; failing to notify Plaintiff of her Title IX rights and available resources; breaching promises of privacy and confidentiality requirements

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 44

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

during the investigation process by allowing numerous students to become aware of the sexual assault; failing to remove the perpetrator from common classes despite a no-contact order; failing to request that the perpetrator take common classes by recording, and instead, forcing the Plaintiff victim to take common classes by recording; failing to request that the perpetrator switch to a different class rather than requiring Plaintiff to attend classes with the perpetrator and with a no-contact order, or take the class by video; failing to accommodate Plaintiff during the investigation even after being confronted by Plaintiff with the fact only she has had to adjust her schedule and behavior to accommodate the perpetrator; failing to protect Plaintiff despite being told Plaintiff fears for her safety because the perpetrator is attempting to intimidate her; failing to provide an escort for Plaintiff to and from the building and forcing Plaintiff have her friends escort her for safety; forcing Plaintiff to change study carrels for safety concerns rather than the perpetrator and not requesting that the perpetrator change study carrels; telling Plaintiff she can move her entire family (including her then fiancé that worked at the University and their kids) and transfer to the Boise campus without ever requesting that the perpetrator switch to a different campus and city; questioning Plaintiff on her alcohol consumption when Plaintiff confronted the Defendant on its failure to provide her with assistance; failing to provide Plaintiff with assistance when Defendant was told its actions have resulted in anxiety and depression; giving Plaintiff only 2 days-notice that she had a right to make a statement and call witnesses at the perpetrator's disciplinary review hearing; failing to offer Plaintiff an attorney to represent her interests at the disciplinary review hearing despite the perpetrator having an attorney nor providing Plaintiff with any

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 45

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

of the materials or witness statements submitted by the perpetrator prior to the disciplinary review hearing; failing to accommodate, assist or help Plaintiff during the perpetrator's appeal of Defendant's determination that Plaintiff has been sexually assaulted by the perpetrator; failing to address the shared class Plaintiff had with the perpetrator even after the Defendant had determined the sexual assault occurred and despite Plaintiff requesting assistance 3 weeks before the new semester started; responding to Plaintiff the day before class started that Plaintiff could attend the class by recording again, even though Plaintiff's objection that this action to assist the perpetrator was unacceptable; forcing Plaintiff to go directly to the professor and inform him she was unable to attend class because the Defendant would not assist her, to the professor's dismay that the school did not resolve this prior to the semester starting; failing to accommodate, assist or help Plaintiff through academic support and assistance, tutoring, re-taking of courses, requiring the perpetrator to take classes by audio recording or to switch classes, or allowing Plaintiff to withdraw from common classes, among other assistance; Defendant's failure to accommodate, assist or help Plaintiff causing her to lose her top 10 school academic ranking; failing to offer academic support; failing to ensure Plaintiff's academic record is not affected by Defendant's actions; failing to inform Plaintiff that the no-contact order issued at the start of the sexual assault investigation expired when the investigation concluded despite assurances by the school to the contrary and numerous communications with University personnel on the no-contact order and it still be in effect; failing to provide Plaintiff with a subsequent no-contact order during the disciplinary review hearing process (and appeal); requiring that

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

the Plaintiff tell the Defendant what the law required for accommodations after Defendant's continued failure to accommodate, assist or help her; having the Title IX Coordinator trained and entrusted with implementing Title IX to protect the students at the University invite the Plaintiff to file a Complaint with the Office for Civil Rights rather than actually help the Plaintiff; failing to properly train the Title IX coordinator and other school personnel; failing to follow its own grievance procedures resulting in the original disciplinary review finding of sexual assault being overturned on procedural grounds 7 months after the sexual assault occurred in violation of the Title IX requirement for prompt resolutions of Title IX claims; allowing students to post comments on the disciplinary hearings on Facebook despite repeated assurances of confidentiality and make comments in class while Plaintiff was present; failing to prevent harassment and further intimidation by the perpetrator and his associates; taking approximately 7 ½ months to complete the disciplinary reviewing procedure determining Plaintiff was sexually assaulted in violation of the Title IX requirement for prompt resolutions of Title IX claims; attempting to provide the Plaintiff with accommodations, for the first time, by providing a no-contact order with the perpetrator and preventing the perpetrator from attending common classes with Plaintiff, only after the Notice of Tort Claim form had been filed against Defendant; leaving Plaintiff with no other choice but to leave the campus for her final semester because of Defendant's failure to accommodate, assist, help or protect Plaintiff; and failing to inform Plaintiff that the perpetrator would be present at graduation;  among other acts, involved an unreasonable risk of causing distress.

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 47

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

187.    Defendant knew or should have known, from the facts known to it, that the distress, if it were caused, might result in emotional distress.

188.    Plaintiff has suffered damages as a result of Defendant's actions.

189.    Defendant's conduct was willful and malicious or manifested a knowing and reckless indifference toward, and a disregard of, the rights of Plaintiff.

**FOURTH CAUSE OF ACTION - BETHANY
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

190.    Plaintiff re-alleges and incorporates paragraphs 1 through 189 inclusive, as though fully set forth herein.

191.    Defendant owed a duty of reasonable care to Plaintiff not to act in a manner that would cause injury to Plaintiff.

192.    Defendant breached its duties owed to Plaintiff and was therefore negligent.

193.    Defendant acted in conscious disregard of the high probability of causing emotional distress to Plaintiff, in that it knew, or should have known, there was a high degree of probability that emotional distress would result by its actions of, among other things, forcing Plaintiff to attend classes with the perpetrator during the Defendant's investigation of the sexual assault despite a no-contact order and forcing Plaintiff to switch seats to the back of the class rather than the perpetrator; forcing Plaintiff to miss school events attended by the perpetrator; encouraging Plaintiff to attend school events with the perpetrator despite a no-contact order; failing to exclude perpetrator from common classes and events; failing to give guidance to the Plaintiff on the investigation process and how she can protect herself during the investigation; failing to provide timely

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

access to information during the hearings; failing to notify Plaintiff of her Title IX rights and available resources; breaching promises of privacy and confidentiality requirements during the investigation process by allowing numerous students to become aware of the sexual assault; failing to remove the perpetrator from common classes despite a no-contact order; failing to request that the perpetrator take common classes by recording, and instead, forcing the Plaintiff victim to take common classes by recording; failing to request that the perpetrator switch to a different class rather than requiring Plaintiff to attend classes with the perpetrator and with a no-contact order, or take the class by video; failing to accommodate Plaintiff during the investigation even after being confronted by Plaintiff with the fact only she has had to adjust her schedule and behavior to accommodate the perpetrator; failing to protect Plaintiff despite being told Plaintiff fears for her safety because the perpetrator is attempting to intimidate her; failing to provide an escort for Plaintiff to and from the building and forcing Plaintiff have her friends escort her for safety; forcing Plaintiff to change study carrels for safety concerns rather than the perpetrator and not requesting that the perpetrator change study carrels; telling Plaintiff she can move her entire family (including her then fiancé that worked at the University and their kids) and transfer to the Boise campus without ever requesting that the perpetrator switch to a different campus and city; questioning Plaintiff on her alcohol consumption when Plaintiff confronted the Defendant on its failure to provide her with assistance; failing to provide Plaintiff with assistance when Defendant was told its actions have resulted in anxiety and depression; giving Plaintiff only 2 days-notice that she had a right to make a statement and call witnesses at the perpetrator's disciplinary review

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 49

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

hearing; failing to offer Plaintiff an attorney to represent her interests at the disciplinary review hearing despite the perpetrator having an attorney nor providing Plaintiff with any of the materials or witness statements submitted by the perpetrator prior to the disciplinary review hearing; failing to accommodate, assist or help Plaintiff during the perpetrator's appeal of Defendant's determination that Plaintiff has been sexually assaulted by the perpetrator; failing to address the shared class Plaintiff had with the perpetrator even after the Defendant had determined the sexual assault occurred and despite Plaintiff requesting assistance 3 weeks before the new semester started; responding to Plaintiff the day before class started that Plaintiff could attend the class by recording again, even though Plaintiff's objection that this action to assist the perpetrator was unacceptable; forcing Plaintiff to go directly to the professor and inform him she was unable to attend class because the Defendant would not assist her, to the professor's dismay that the school did not resolve this prior to the semester starting; failing to accommodate, assist or help Plaintiff through academic support and assistance, tutoring, re-taking of courses, requiring the perpetrator to take classes by audio recording or to switch classes, or allowing Plaintiff to withdraw from common classes, among other assistance; Defendant's failure to accommodate, assist or help Plaintiff causing her to lose her top 10 school academic ranking; failing to offer academic support; failing to ensure Plaintiff's academic record is not affected by Defendant's actions; failing to inform Plaintiff that the no-contact order issued at the start of the sexual assault investigation expired when the investigation concluded despite assurances by the school to the contrary and numerous communications with University personnel on the no-

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 50

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1   contact order and it still be in effect; failing to provide Plaintiff with a subsequent no-

2   contact order during the disciplinary review hearing process (and appeal); requiring that

3   the Plaintiff tell the Defendant what the law required for accommodations after

4   Defendant's continued failure to accommodate, assist or help her; having the Title IX

5   Coordinator trained and entrusted with implementing Title IX to protect the students at

6   the University invite the Plaintiff to file a Complaint with the Office for Civil Rights

7   rather than actually help the Plaintiff; failing to properly train the Title IX coordinator

8   and other school personnel; failing to follow its own grievance procedures resulting in the

9   original disciplinary review finding of sexual assault being overturned on procedural

10  grounds 7 months after the sexual assault occurred in violation of the Title IX

11  requirement for prompt resolutions of Title IX claims; allowing students to post

12  comments on the disciplinary hearings on Facebook despite repeated assurances of

13  confidentiality and make comments in class while Plaintiff was present; failing to prevent

14  harassment and further intimidation by the perpetrator and his associates; taking

15  approximately 7 ½ months to complete the disciplinary reviewing procedure determining

16  Plaintiff was sexually assaulted in violation of the Title IX requirement for prompt

17  resolutions of Title IX claims; attempting to provide the Plaintiff with accommodations,

18  for the first time, by providing a no-contact order with the perpetrator and preventing the

19  perpetrator from attending common classes with Plaintiff, only after the Notice of Tort

20  Claim form had been filed against Defendant; leaving Plaintiff with no other choice but

21  to leave the campus for her final semester because of Defendant's failure to

22  accommodate, assist, help or protect Plaintiff; and failing to inform Plaintiff that the

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 51

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1  perpetrator would be present at graduation;  among other acts, involved an unreasonable

2  risk of causing distress.

3

4        194.    By the conduct described herein, Defendant intentionally or recklessly

5  inflicted emotional distress upon Plaintiff.

6        195.    As a direct and proximate result of Defendant's conduct, Plaintiff has

7

8  suffered, and continues to suffer, pain and suffering in an amount and of a character to be

9  proven at the time of trial.

10       196.    Defendant's conduct has harmed Plaintiff, and caused Plaintiff damages,

11

12  and Defendant is liable for the emotional distress and mental suffering incurred by

13  Plaintiff in the past, present and future.

14                    **FIFTH CAUSE OF ACTION - BETHANY**

15                              **NEGLIGENCE**

16       197.    Plaintiff re-alleges and incorporates paragraphs 1 through 196 inclusive, as

17

18  though fully set forth herein.

19       198.    Defendant owed a duty of reasonable care to the Plaintiff not to act in a

20

21  manner that would violate Title IX and foreseeably cause injury to the Plaintiff.

22       199.    For the reasons set forth above, Defendant breached the duty owed to the

23  Plaintiff and was therefore negligent.

24       200.    As a direct and proximate result of the negligence by Defendant, the

25

26  Plaintiff has suffered, and continues to suffer, physical and emotional injuries, pain and

27  damages in an amount to be proven at trial.

28

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 52

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

### SIXTH CAUSE OF ACTION - SEAN
### LOSS OF CONSORTIUM

201.    Plaintiff re-alleges and incorporates paragraphs 1 through 200 inclusive, as though fully set forth herein.

202.    As a direct and proximate result of the negligence alleged herein, including Defendant's violation of Title IX, Plaintiff Sean has suffered emotional distress, loss of consortium, companionship, and love and affection and other injuries and damages to be proven at the time of trial.

### COSTS AND ATTORNEY FEES

Plaintiff's claims arise from violations of 20 U.S.C. § 1681 ("Title IX").  As an action to enforce this provision and vindicate violation of rights and duties thereunder, Plaintiff is entitled to an award of costs and attorney fees in an amount to be deemed reasonable by this Court pursuant to 42 U.S.C. § 1988(b).

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all matters so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiffs respectfully demand judgment against Defendant University of Idaho for the following:

1.    For general, special, and other compensatory damages for all harm and damages caused;

2.    Pre- and post-judgment interest;

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 53

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

1

3.      Costs;

2

4.      Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

3

4

5.      For such other relief as the Court deems just and equitable.

5

DATED this _____ day of October, 2017.

6

7

RANDALL | DANSKIN, P.S.

8

By: /s/ TROY Y. NELSON

9

Troy Y. Nelson, ISB #5851

10

Attorneys for Plaintiffs
Randall | Danskin, P.S.

11

601 W. Riverside Avenue, Suite 1500
Spokane, WA 99201

12

Phone: 509-747-2052

13

Fax:  509-624-2528
tyn@randalldanskin.com

14

F:\Users\22143\16000001 Mikolas, Bethany\PLEAD\Complaint and Jury Demand.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SAGLE FIRE DISTRICT'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND - 54

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052