Shamus T. O'Doherty, ISB #9626
sto@randalldanskin.com
Brook L. Cunningham, *Pro Hac Vice*
blc@randalldanskin.com
RANDALL | DANSKIN, P.S.
601 W. Riverside Avenue, Suite 1500
Spokane, WA  99201-0653
Telephone: (509) 747-2052
Facsimile: (509) 624-2528

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| BETHANY MIKOLAS,<br><br>               Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF IDAHO, a public university,<br><br>               Defendant. | Case No.  2:17-cv-426-REB<br><br>PLAINTIFF'S STATEMENT RE: DEFENDANT'S OBJECTIONS TO MATERIALS CITED BY PLAINTIFF IN OPPOSITION TO SUMMARY JUDGMENT (Docket No. 45-3) |

Defendant University of Idaho ("UI") includes with its Summary Judgment Reply a separate nineteen page pleading entitled Defendant's Objections to Material Cited by Plaintiff in Opposition to Summary Judgment ("UI's Objection Submission"). Dckt. 45-3.  Without a single citation to the Federal Rules of Evidence, or case law interpreting the Federal Rules of Evidence, UI's Objection Submission is an improper attempt to present additional facts and argument outside the confines of the allowable page limits set by the Court and is not a presentation of legitimate evidentiary objections for the Court's consideration. UI's objections are "substantively

unnecessary." <u>Marceau v. Int'l Bhd. of Elec. Workers</u>, 618 F. Supp. 2d 1127, 1141–42 (D. Ariz. 2009).  Addressing a similar type of improper objection, the <u>Marceau</u> held:

> many of the parties' objections are substantively unnecessary. [O]bjections to evidence ... [as] irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself. The parties' voluminous objections are sadly "representative of a growing trend where 'attorneys ... raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general, and the facts of their cases in particular.

<u>Id</u>. *citing* <u>Burch v. Regents of the University of California</u>, 433 F.Supp.2d 1110, 1122 (E.D.Cal.2006); <u>Harris Technical Sales</u>, 2008 WL 343260, at *2 *(internal quotations omitted)*.

For example, UI's Objection Submission contains substantial discussion of the scope of former employee's testimony on facts that occurred at the time of their employment, UI's ability to take action against the assailant's attorney, and the disputed nature of certain material facts. All legal arguments and factual discussion that must be included in UI's primary summary judgment briefing. Furthermore, UI's Objection Submission improperly attempts to introduce additional evidence for the Court's consideration to refute the properly cited facts submitted by Plaintiff, and UI objects to numerous facts as argumentative or conclusory simply because such facts disfavor UI legal arguments, and are a basis for Plaintiff's legal arguments. UI's Objection Submission repeatedly references implications that can be drawn from the facts as being improper without referencing that, at this stage in the proceeding, all inferences drawn from the facts must be in a light most favorable to Plaintiff.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  On multiple occasions UI alleges a fact "misquotes" when no quotation is included in the fact.

For these reasons, Plaintiff requests the Court disregard UI's Objection Submission in its entirety.  Should the Court consider any evidentiary objections contained within UI's Objection

Submission, despite not a single citation to the Federal Rules of Evidence, Plaintiff requests the opportunity to properly brief the Court on the admissibility of such evidence.

DATED this 28th day of June, 2019.

                                      RANDALL | DANSKIN, P.S.

                                      s/ Shamus T. O'Doherty
                                      Shamus T. O'Doherty, ISB #9626
                                      Brook L. Cunningham, *Pro Hac Vice*
                                      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The hereby certify that on the 28th day of June, 2019, I caused to be served the foregoing document on the following via electronic mail:

| | |
|---|---|
| Peter C. Erbland | perbland@lclattorneys.com |
| Katharine B. Brereton | kbrereton@lclattorneys.com |
| Lake City Law Group, PLLC | |
| 435 W. Hanley Avenue, Suite 101 | |
| Coeur d'Alene, ID  83815 | |

                                                s/ Shamus T. O'Doherty
                                                Shamus T. O'Doherty, ISB #9626
                                                Brook L. Cunningham, *Pro Hac Vice*
                                                Attorneys for Plaintiff